UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23582-CIV-ALTONAGA/Simonton

**A1 PROCUREMENT, LLC**,

    Relator,
vs.

**HENDRY CORPORATION**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Hendry Corporation ("Hendry Corp."), Marine Construction Services, LLC ("Marine Construction"), Gulf Marine Repair Corporation ("Gulf Marine"), Joseph F. Cimino ("Cimino"), Claude R. Watts, Jr. ("Watts"), and Dennis Manelli's ("Manelli['s]") (collectively, "Defendants[']") Motion to Dismiss Second Amended Qui Tam Compliant . . . ("Motion") [ECF No. 54], filed on October 23, 2012. Relator, A1 Procurement, LLC ("Relator") filed an "Opposition to Defendants' Motion . . ." ("Response") [ECF No. 55] on November 6, 2012; to which Defendants replied ("Reply") [ECF No. 59] on November 13, 2012. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[1]

In its Second Amended Qui Tam Complaint ("Second Amended Complaint") [ECF No. 52], Relator, on behalf of itself and the United States,[2] alleges three causes of action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* (*See generally* 2d Am. Compl.). In Count

---

[1] The allegations set forth in the Second Amended Complaint are taken as true.

[2] The United States declined to intervene in this case. (*See* [ECF No. 16]).

I, Relator alleges Defendants made false claims in violation of 31 U.S.C. section 3729(a)(1)(A) (*see id.* ¶¶ 112–23); in Count II, Relator alleges Defendants made false statements in violation of 31 U.S.C. section 3729(a)(1)(B) (*see id.* ¶¶ 124–36); and in Count III, Relator alleges Defendants conspired to make false claims and/or statements in violation of 31 U.S.C. section 3729(a)(1)(C) (*see id.* ¶¶ 137–142).

In particular, Relator alleges Hendry Corp. is not at least 51% owned by either a veteran or a service-disabled veteran, and, as a result, Defendants falsely represented Hendry Corp. as a Veteran Owned Business ("VOB") and as a Service-Disabled Veteran-Owned Business Concern ("SDVO SBC") in violation of the FCA. (*See id.* ¶¶ 33–49).[3] Relator further alleges Marine Construction and Gulf Marine are not at least 51% owned and controlled by a service-disabled veteran, and, as a result, Defendants falsely represented these concerns as SDVO SBCs in violation of the FCA. (*See id.* ¶¶ 50–68). In total, Relator identifies 185 contracts in which Defendants allegedly made false representations of VOB and SDVO SBC status. (*See id.* ¶¶ 119, 128, 139).

Defendants now move to dismiss the Second Amended Complaint with prejudice, arguing Relator has again failed to comply with the pleading standards applicable to this FCA action, and certain defendants were improperly joined in the Second Amended Complaint.

## II. LEGAL STANDARDS

A complaint alleging violations of the FCA must "tackle two pleading hurdles." *Klusmeier v. Bell Constructors, Inc.*, 469 F. App'x 718, 720 (11th Cir. 2012). First, it must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3] The Court provided a discussion of the SDVO SBC Program and a more fulsome description of the underlying facts in the October 1, 2012 Order ("October 1 Order") [ECF No. 51], granting dismissal of the First Amended Complaint [ECF No. 26]. (*See* Oct. 1 Order 2–5). The Court presumes the reader is familiar with the October 1 Order.

Case 1:11-cv-23582-CMA   Document 61   Entered on FLSD Docket 12/13/2012   Page 3 of 14

CASE NO. 11-23582-CIV-ALTONAGA/Simonton

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and takes the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Second, a complaint alleging FCA violations must comply with Rule 9(b)'s heightened pleading standard, requiring a party to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b); *see U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308–10 (11th Cir. 2002). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. The application of Rule 9(b), however, must not abrogate the concept of notice pleading." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks and citations omitted). Thus, Rule 9(b) is satisfied if the complaint sets forth "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Clausen*, 290 F.3d at 1310). Nonetheless, "conditions of a person's mind may be alleged generally." *U.S. ex rel. Osheroff v. Tenet Healthcare Corp.*, No. 09-22253-CIV, 2012 WL 2871264, at *4 (S.D. Fla. July 12, 2012) (internal quotation marks and citation omitted).

### III. ANALYSIS

Defendants move to dismiss the Second Amended Complaint for three reasons. First,

Defendants argue Relator fails to state a claim pursuant to Rule 12(b)(6) because Relator has again failed to allege any objectively false representation made to the government. Second, Defendants argue the Second Amended Complaint should be dismissed because Relator fails to plead fraud with particularity as required by Rule 9(b). Finally, Defendants argue Relator improperly added defendants to the Second Amended Complaint in violation of Rule 15(a). The Court first addresses whether certain defendants were improperly joined, then turns to whether Relator sufficiently alleges any objectively false representations, and finally addresses whether the Second Amended Complaint complies with Rule 9(b).

### A. Were Certain Defendants Improperly Joined?

Defendants argue Aaron Hendry; Vince Cimino; Larry P. Chapman; Clyde Rogers; the Barbara M. Hendry 2009 Marital Trust, LLC; Tampa Marine Terminals, LLC; Hendry Marine Properties, LLC; Port Staffing, Inc.; Vegas Gal II, LLC; Shell Producers Corporation; and Barbara Hendry (collectively, the "New Defendants") were improperly joined in the Second Amended Complaint in contravention of Federal Rule of Civil Procedure 15(a).[4] (*See* Mot. 12–13). Specifically, Defendants assert Relator never properly sought nor received leave of Court to join the New Defendants, and the Second Amended Complaint "shows no reasonable basis" why several of the New Defendants "are proper parties to this action." (Reply 9). Defendants maintain such an improper attempt is "just another reason why this spurious action should be dismissed with prejudice." (*Id.*). Relator failed to respond to Defendants' arguments regarding improper joinder.[5]

---

[4] Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

[5] Relator's Response suggests the Defendants and the New Defendants collectively filed the Motion. (*See* Resp. 1). This, however, is factually inaccurate. (*See* Mot. 1). Relator additionally filed a "Notice of Entry of Parties" ("Notice") [ECF No. 56] on November 6, 2012, which purports to provide notice of

"The failure to defend a claim in responding to a motion to dismiss results in the abandonment of that claim." *Osheroff*, 2012 WL 2871264, at *9 (citations omitted); *see Hooper v. City of Montgomery,* 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (dismissing claims as abandoned where the plaintiff failed to respond to the defendants' arguments concerning the dismissal of those claims) (citation omitted); *Phan v. Accredited Home Lenders Holding Co.*, No. 3:09-cv-328-J-32TEM, 2010 WL 1268013, at *5 (M.D. Fla. Mar. 29, 2010) (dismissing two counts of the complaint as abandoned when the plaintiff failed to respond to arguments for dismissal and did not re-plead the allegations in a subsequent complaint) (citations omitted). The Court follows this reasoning and concludes Relator has abandoned its claims against the New Defendants by failing to respond to Defendants' arguments regarding improper joinder.

Furthermore, under Local Rule of the United States District Court for the Southern District of Florida 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c). Failure to respond to arguments in a motion to dismiss is a sufficient basis to dismiss such claims by default under this Local Rule. *See W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, No. 08-80897-CIV, 2009 WL 2957749, at *11 (S.D. Fla. Sept. 9, 2009) ("Plaintiff failed to respond to Defendant PVA's motion to dismiss Count 11, which alone constitutes grounds for the Court to dismiss this count by default. *See* S.D. Fla. L.R. 7.1A."). Relator's Response fails to comply with Local Rule 7.1(c) as it does not address Defendants' arguments regarding improper joinder.

---

the naming of the New Defendants, but does not address any of Defendants' arguments regarding improper joinder and does not provide a legal basis for joining the New Defendants. (*See* Notice). Relator, therefore, has utterly failed to respond to Defendants' arguments regarding improper joinder of the New Defendants.

The Eleventh Circuit has instructed:

> Because a dismissal, with prejudice, for failure to comply with local rules is a drastic sanction, it may be used only as a last resort, when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.

*Rex v. Monaco Coach*, 155 F. App'x 485, 486 (11th Cir. 2005) (internal quotation marks omitted) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995)). The Court has repeatedly reminded Relator that it must comply with the Local Rules and the Court's Orders. (*See e.g.*, [ECF Nos. 28, 39]). In fact, the Court recently denied Relator's "Motion for Leave to Amend the Qui Tam Complaint, Join Additional Defendants and for Substitute Service of Process" [ECF No. 49], for failure to certify that it had conferred or made reasonable efforts to confer with Defendants as required by Local Rule 7.1(a)(3). (*See* Order dated Oct. 1, 2012 [ECF No. 50]). That motion dealt with the very issue presently being addressed, yet, instead of re-filing a timely motion for leave to join the New Defendants in compliance with the Local Rules and the Scheduling Order [ECF No. 34], or addressing the issue in the Response, Relator has contumaciously sat idle and silent.

Moreover, the Court previously dismissed certain of the New Defendants due to Relator's failure to serve such defendants as twice ordered by the Court. (*See* Order dated Aug. 7, 2012 [ECF No. 23]; *see also* [ECF Nos. 16, 22]). Indeed, Relator has not yet, as far as the Court can tell, served the Second Amended Complaint on any of the New Defendants. Furthermore, the Court dismissed the Initial Complaint [ECF No. 1] because Relator failed to respond to the initial motion to dismiss [ECF No. 20], in apparent disregard of Local Rule 7.1(c) — the very Local Rule with which Relator has again failed to comply by not responding to Defendants' arguments regarding improper joinder. (*See* Order dated Aug. 14, 2012 [ECF No. 25] (quoting S.D. FLA. L.R. 7.1(c))).

As a result of Relator's continued failures to comply the Local Rules and the Court's Orders — despite several reminders — the Court finds dismissal of the New Defendants is appropriate under the first prong of the standard set froth in *Rex*. The Court, however, will not rely on this purported misjoinder of the New Defendants as a reason to dismiss the entire Second Amended Complaint. *See* FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."). Instead, only the New Defendants are dismissed, as this lesser sanction is the only sanction that will suffice. The Court thus addresses Defendants' remaining arguments solely as to the Defendants properly before the Court.

### B. Has Relator Sufficiently Alleged Any Objectively False Representation?

In 2009, Congress amended the FCA pursuant to the Fraud Enforcement and Recovery Act of 2009 ("FERA"). *See* Pub. L. 111-21 § 4(a)(1). After FERA, the FCA now imposes liability on any person who:

> (A) knowingly presents, or causes to be presented, a fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; or
>
> (C) conspires to commit a violation of [among others] subparagraph (A) [or] (B).

31 U.S.C. § 3729(a)(1)(A)–(C). The Second Amended Complaint alleges violations of only the post-FERA FCA.[6] (*See* 2d Am. Compl. ¶¶ 112–42). Because the parties do not address which version(s) of the FCA might apply to Relator's claims, the Court does not address the issue.

A fundamental requirement of the FCA, regardless of the section allegedly violated, is that the false or fraudulent claims or statements at issue must be objectively false. *See U.S. ex*

---

[6] The First Amended Complaint cited the pre-FERA statute for the presentation claim (Count II) and the post-FERA statute for the making or using claim (Count I). (*See* 1st Am. Compl. 14 n.5).

*rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376–77 (4th Cir. 2008) (citations omitted). When a defendant falsely represents compliance with a particular federal statute or regulation and such compliance is a prerequisite to payment, such a statement is false under the FCA. *See U.S. ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 313, 330 (S.D.N.Y. 2004); *U.S. ex rel. Colucci v. Beth Israel Medical Center*, 785 F. Supp. 2d 303, 315 (S.D.N.Y. 2011).

Defendants insist the "Second Amended Complaint is simply a rehash of the First Amended Complaint . . . which was properly dismissed by this Court since it did not allege any objectively false representations of SDVO SBC status." (Mot. 4–5). Defendants go on to argue the Second Amended Complaint "continues to be based on an incorrect recitation of the law," namely, that the owner and controller of a concern must possess documentation proving that he or she is a service-disabled veteran in order to represent the concern as an SDVO SBC. (*Id.* 6).

As an initial matter, the Court notes Defendants do not address the new allegations in the Second Amended Complaint that Hendry Corp. was falsely represented as a VOB.[7] The Court declines to speculate what arguments Defendants might assert regarding whether Relator sufficiently alleges Hendry Corp. made an objectively false representation of VOB status. *See Mart v. Forest River, Inc.*, 854 F. Supp. 2d 577, 591 (N.D. Ind. 2012) ("'It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.' *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986); *see also U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ('Judges are not like pigs, hunting for truffles buried in briefs.')."). Because Defendants have failed to bear their burden establishing Relator has not stated a claim that Hendry Corp. was falsely represented as a VOB, this is an independent basis to deny the Motion. *See* Wright & Miller, FEDERAL PRACTICE AND

---

[7] The First Amended Complaint alleged Hendry Corp. was misrepresented as an SDVO SBC and did not include any allegations regarding misrepresentations of VOB status.

8

PROCEDURE § 1357 ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.") (footnote call number omitted).

Nevertheless, the Court finds it necessary to address the substance of Defendants' arguments regarding whether Relator sufficiently alleges Defendants falsely represented concerns as SDVO SBCs. This is because it appears Relator may fundamentally misunderstand the October 1 Order. Relator continues to argue: (1) when Defendants represented certain concerns as SDVO SBCs, Defendants violated the FCA solely because they did not have documentation proving those concerns were eligible to be represented as SDVO SBCs; and (2) the Court must pay deference, in this FCA action, to the Small Business Administration's ("SBA['s]") determination that Defendants were ineligible to represent certain concerns as SDVO SBCs. (*See* Resp. 5–10). The Court has already unequivocally rejected substantively identical arguments, and such arguments remain unpersuasive the second time around. (*See* Oct. 1 Order 15, 16 ("[A]n adverse finding as a result of a bid protest due to lack of documentation is not necessarily the equivalent of a fraudulent misrepresentation of SDVO SBC status. . . . A concern must self-represent that its owner and controller is a service-disabled veteran, not that it has the supporting documentation to prove it. *See* [13 C.F.R.] § 125.15(a).")).

The Court reiterates: the FCA is a fraud prevention statute, *see U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d 724, 728 (4th Cir. 2010) (citations omitted), not a secondary means of policing bid protests. To prevail in this FCA action, Relator must prove, *inter alia*, the concerns represented as SDVO SBCs were, in fact, not at least 51% owned and controlled by a service-disabled veteran. For FCA purposes, determining whether a concern was owned and controlled by a service-disabled veteran is a factual inquiry that goes beyond the inquiry performed by the SBA in a bid protest and does not turn on whether an individual possessed documentation at the time of representing SDVO SBC status. Indeed, while "[n]either SBA nor OHA have [sic]

9

the statutory or regulatory authority to evaluate veteran eligibility nor does SBA or OHA have the capacity or expertise to evaluate a claim of disability," *In the Matter of Robra Constr., Inc.*, SBA No. VET-160, 2009 WL 3126297, at *4 (Sept. 14, 2009), the fact-finder in an FCA proceeding undoubtedly has the authority, capacity, and expertise to make a *post hoc* determination as to whether an owner and controller of a concern was a service-disabled veteran, even if such individual did not have documentary proof at the time representations of SDVO SBC status were made.

Nonetheless, on a motion to dismiss the Court cannot disregard the allegations in the Second Amended Complaint. Relator alleges the following: "Hendry Corporation is not at least 51% owned by a veteran or service-disabled veteran" (2d Am. Compl. ¶ 35 (emphasis omitted)); "[a]t no time relevant herein did a veteran or service-disabled veteran own and control at least 51% of Hendry Marine Industries, LLC" (*id.* ¶ 39); "[Marine Construction] is not at least 51% owned by a veteran or service-disabled veteran" (*id.* ¶ 52 (emphasis omitted)); "Marine Industries, LLC is not at least 51% owned and controlled by a service-disabled veteran" (*id.* ¶ 56); "[a]t no time relevant herein did a veteran or service-disabled veteran own and control at least 51% of [Marine Construction]" (*id.* ¶ 58); "[a]t all times relevant herein, [Gulf Marine] was not at least 51% owned and controlled by a veteran" (*id.* ¶ 64 (emphasis omitted)); and "[a]t all times relevant herein, [Gulf Marine] was not at least 51% owned and controlled by a service-disabled veteran" (*id.* ¶ 65 (emphasis omitted)). Reading these allegations in a light most favorable to Relator, the Court concludes Relator has alleged the concerns in question were not, in fact, SDVO SBCs when they were represented as such to the United States government. As a result, Relator has alleged an objectively false representation. While Relator additionally alleges the concerns could not provide documentation proving SDVO SBC status (*see id.* ¶¶ 36, 40, 53, 57, 66), such allegations do not render the former allegations superfluous or contradictory. The Court thus

finds the Second Amended Complaint sufficiently alleges an objectively false representation.

The Court further notes the Second Amended Complaint makes no mention of the United States Department of Veteran Affairs' December 21, 2011 letter [ECF No. 26-1] (the "VA Verification"), which verifies Mr. Hendry is a service-disabled veteran. Defendants suggest the Court should consider the VA Verification because Relator previously placed it in the record of this case. (*See* Reply 5). However, Defendants cite to no authority that the Court should look anywhere beyond the Second Amended Complaint to determine the sufficiency of the allegations therein, and Defendants do not suggest the Court should convert their Motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Accordingly, the Court does not consider the VA Verification, and, as a result, does not address whether considering the VA Verification would lead to the conclusion that Relator failed to allege an objectively false representation. *See Harper v. Lawrence Cnty, Ala.*, 584 F.3d 1030, 1035 (11th Cir. 2009) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them-there is no more formal step required." (citations omitted)), *superseded on other grounds*, 584 F.3d 1227 (11th Cir. 2010).

### C. Does the Second Amended Complaint Comply with Rule 9(b)?

Defendants present three arguments why the Second Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud claims. (*See* Mot. 7–10).[8] First, Defendants assert the allegations that certain contracts were SDVO SBC set-aside contracts are "entirely false as Relator well knows." (Mot. 9). Again, the Court must take the allegations pleaded in the Second Amended Complaint

---

[8] Defendants do not specify whether their arguments apply to particular Counts of the Second Amended Complaint or if each argument is applicable to each of the Counts.

11

as true for purposes of the Motion. *See Brooks*, 116 F.3d at 1369. Thus, the Court rejects Defendants' argument that an allegation in the Second Amended Complaint is false for present purposes.

Second, Defendants argue Relator fails to sufficiently allege who engaged in the fraud and what each individual did. (*See* Mot. 8). In particular, Defendants maintain Relator simply supposes an individual officer of a specified concern necessarily committed the alleged fraud as a result of being an officer of such corporation. (*See id.* 8–9). Relator maintains the Second Amended Complaint complies with Rule 9(b) because it alleges the time, place, substance, actors, and scienter with particularity. (*See* Resp. 16–19). Although Relator points to the allegations and argues they identify the individuals who made the false representations, identifying each individual as "either a high level officer owner, manager, or subsidiary . . . and only these individuals were in a position to submit the false claims to the government" (Resp. 18 (citing 2d Am. Compl. ¶¶ 1–27)), Relator provides no analysis as to why such allegations are sufficient under Rule 9(b) and applicable case law.

Nonetheless, an argument similar to Defendants' was raised in *Taylor*, an FCA action in which the relator alleged the defendants falsely certified entities were small as part of a fraudulent scheme to receive discounts from the government. *See* 345 F. Supp. 2d at 337 ("[The relator] alleges that defendant bidders falsely certified (or caused/conspired with others to falsely certify) that they were small or very small businesses, entitled to federal discounts."). The defendants in *Taylor* objected "to the manner in which the Complaint indiscriminately groups defendants together 'into one wrongdoing monolith, without specifying the alleged wrongdoing of each Defendant.'" *Id.* at 339 (footnote call number omitted). The court rejected this argument because the relator sufficiently alleged the who, what, when, where, and how of the fraud. *See id.* at 339–40. In particular, the "'who' [were] the successful bidders and those defendants

connected to them (as owners; related, predecessor, or successor entities; officers; or []related entities) who presented (or caused or conspired to present) the false records or claims. The 'what' [was] the false certifications of eligibility for federal monies submitted in connection with auction applications." *Id.* at 340. Here, the "who" are similarly the concerns that received government contracts as a result of the allegedly false representations, together with the individuals connected to such concerns. The "what" is the alleged false certification of VOB and SDVO SBC status. Thus, Relator does not fail to comply with Rule 9(b) for this reason.

Third, and finally, Defendants argue "[t]he allegations in the Second Amended Complaint . . . fail to contain any 'indicia of reliability' that a fraudulent claim was actually submitted to the government." (Mot. 12 (citation omitted)). "The general rule is that a claim must actually be submitted to the government in order for there to be actionable damage. . . . The purpose of this requirement is to ensure that the government has actually—not just likely—been paying claims to the Defendant from the public fisc." *Osheroff*, 2012 WL 2871264, at *5 (internal citations omitted). In order to meet this requirement, Relator may identify specific claims submitted to the government or provide allegations providing "a reliable indication that claims were actually submitted." *Id.* (citations omitted).

The analysis of whether a complaint contains "sufficient indicia of reliability to satisfy Rule 9(b) [is done] on a case-by-case basis." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1358 (11th Cir. 2006). In a case where the relator invites the court to "assume that the defendant actually billed for any noncompliant work" or otherwise make unjustified assumptions about a defendant's billing practices, this requirement is not met. *Jallali v. Nova Se. Univ., Inc.*, No. 12-10148, 2012 WL 3234278, at *2 (11th Cir. Aug. 9, 2012) (affirming dismissal of a complaint that did not allege facts showing the defendant actually certified compliance with particular regulations, did not allege noncompliance with such regulations rendered the defendant ineligible

13

to receive federal monies, and did not allege the relator had personal knowledge of the defendant's billing practices). However, as in *Taylor*, "[t]his is not a situation where only a general scheme of fraud was alleged that *might* have resulted in the submission of false claims. Here, the fraudulent scheme was the submission of the claims themselves." 345 F. Supp. 2d at 339 (emphasis in original; internal quotation marks and footnote call number omitted). That is, Relator alleges Defendants "fraudulently submitted (or caused or conspired to present) false claims or records." *Id.* As a result, the Second Amended Complaint contains sufficient indicia of reliability that fraudulent claims were actually submitted to the government. Thus, Relator has complied with Rule 9(b) and has stated a claim on which relief may be granted under the FCA.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss **[ECF No. 54]** is **GRANTED in part** and **DENIED in part**.

**DONE AND ORDERED** at Miami, Florida, this 12th day of December, 2012.

                                                     *Cecilia M. Altonaga*
                                                     **CECILIA M. ALTONAGA**
                                                     **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record